# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| KATHLEEN BAIRD | § | |
| | § | |
| V. | § | CASE NO. 4:05CV408 |
| | § | (Judge Schneider/Judge Bush) |
| CITY OF MELISSA | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant's Motion to Dismiss. Having considered the motion, Plaintiff's Amended Response, and Defendant's Amended Reply, the Court finds as follows.

### History

The present dispute involves real property owned by Plaintiff in Melissa, Texas (the "City"). The following facts are set forth in the opinion by the Fifth District Court of Appeals. *See Baird v. City of Melissa*, 170 S.W.3d 921 (Tex. App.–Dallas 2005, pet. denied). The property had been used as a recreational vehicle ("RV") park since 1984 when the former owner, John Tuberville, Jr. was granted a permit from the Melissa City Counsel (the "City Council") to place no more than three RV's on the property for six months, followed by an evaluation. It appears this evaluation never took place. In 1990, the City authorized Tuberville to place one sewer connection, one water connection, and five RV's on the property. In 1992, the City revised its Comprehensive Zoning Ordinance so as to no longer permit RV parks in areas zoned Commercial-1. As the property at issue was in an area zoned Commercial-1, the property could only be used as an RV park if such was a valid nonconforming use.

Plaintiff and her ex-husband purchased the property from Tuberville on February 26, 1996

1

with the intent of continuing to use it as an RV park.  After a divorce, Plaintiff retained ownership of the property.  On November 21, 2001, the City served Plaintiff with a notice terminating any nonconforming status she had regarding operation of the RV park and demanding that she bring the property into compliance with the current codes and rules.  The notice specifically demanded removal of all RV's from the park.  At the time of the notice, Plaintiff had between 18 and 20 RV's at the park, many of which had not received city approval to receive water by means of the 1990 Tuberville Water/Sewer Connection.

On May 10, 2002, the city filed an Original Petition and Application for Temporary Injunction in the 296th Judicial District of Collin County, Texas.  The lawsuit requested declarations that: (1) any nonconforming status of the property be terminated; (2) any nonconforming status that might have attached to the property be terminated based upon the property being operated unlawfully and illegally; (3) Plaintiff and the property were in violation of the ordinances of Melissa; and (4) Plaintiff must bring the property into compliance with all current codes, rules, regulations and ordinances of Melissa, including removal of all RV's from the property.  Plaintiff also moved for a temporary injunction.

During the pendency of the state lawsuit, Melissa's Planning and Zoning Board held a public hearing to consider a proposed ordinance (the "Amortization Ordinance") for "establishing compliance regulations for nonconforming uses."  The ordinance gave the City the authority to establish a compliance date for nonconforming uses, which, in theory, would give the owner time to recover his or her investment in her nonconforming property.  After review and public hearing, the Planning and Zoning board recommended that the City not approve the Amortization Ordinance.

On July 22, 2003, the Melissa City Council held a regular session at which it was scheduled to have a public hearing on the Amortization Ordinance which the Planning and Zoning Board had rejected.  The Amortization Ordinance issue was tabled, and the City Counsel exercised its power to replace all but one of the members of the Planning and Zoning Board. Thereafter, on July 29, 2003, the City Council held a special workshop with the new Planning and Zoning Board.

On August 12, 2003, the City Council held a regularly scheduled meeting, and the proposed nonconforming use ordinance was on the agenda.  The Amortization Ordinance was sent back to the new Planning and Zoning Board.  On August 28, 2003, the Planning and Zoning Board voted to approve the Amortization Ordinance.  Thereafter, on September 9, 2003, the City Council met in regular session and voted to approve the Amortization Ordinance as Ordinance Number 03-20.

On October 7, 2003, the City Council met in special session to, according to its published agenda, consider and act upon a request from an individual owning property in the City to establish a compliance date for the nonconforming uses on Plaintiff's property.[1]  A timetable and procedures for conducting a hearing were set, and the City Administrator was directed to provide written notice of the hearing to Plaintiff.  The City Council set a hearing to establish the compliance date for October 21, 2003.

At the October 21, 2003 hearing, Plaintiff appeared and presented evidence consisting of the history of the property, the history of the actions against her, and the valuation of the

---

[1] Ordinance No. 03-20 § 30.8(A) states that "Any person who resides or owns real property in Melissa may request that the City Council establish a compliance date for a nonconforming use.

property. Plaintiff's presentation lasted approximately one hour. Plaintiff claims the City heard no contravening evidence, held no discussion on the matter, and made none of the substantive findings Plaintiff claims are required for establishing a compliance date. Nonetheless, the City voted 4-1 that Plaintiff must terminate any nonconforming use by November 15, 2003.

In the state court proceeding, on December 17, 2003, the State District Judge denied Baird's request for a temporary injunction and granted the City's. The court established January 19, 2004 as the date by which Plaintiff was to bring her property into compliance with the various ordinances and codes she was found to have violated, including the removal of all RV's from the property. Thereafter, on February 24, 2004, the state court granted the City's No Evidence Motion for Summary Judgement as to its First Amended Petition and Baird's Second Amended Counterclaim. On August 31, 2005, the Court of Appeals for the Fifth District of Texas at Dallas affirmed the trial court's ruling in the state lawsuit, and on December 9, 2005, the Supreme Court of Texas denied Baird's petition for review.

Plaintiff filed her Original Complaint in this Court on October 19, 2005, claiming that "Melissa's actions in enforcing the Amortization Ordinance against Baird, during the pendency of the State Lawsuit, were arbitrary, unreasonable, capricious, in bad faith, and in violation of Baird's 14th Amendment procedural due process rights." (Pl. Comp. at ¶ 25).[2] Plaintiff further claims that Defendant's actions were in violation of 42 U.S.C. § 1983 and caused her to suffer economic injury. (Pl. Comp. ¶¶ 26, 27). Plaintiff also requests a permanent injunction enjoining Defendant from further violating her rights. (Pl. Comp. ¶ 28) On November 21, 2005,

---

[2]Plaintiff had filed a similar lawsuit in this Court in 2003, *Baird v. City of Melissa*, No. 4:03-cv-430 (E.D. Tex., dism'd without prej. Feb. 2, 2004) (Schell, J.), but voluntarily dismissed the action.

Defendant moved to dismiss Plaintiff's Original Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6).

## Standard

Prior decisions of both the United States Supreme Court and the Fifth Circuit Court of Appeals have made it clear that motions to dismiss for failure to state a claim upon which relief can be granted should not be granted lightly. For a complaint to be dismissed for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of h[er] claim which would entitle h[er] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Reeves v. City of Jackson, Mississippi*, 532 F.2d 491 (5th Cir. 1976).

Absent a claim which is obviously insufficient, a court should not grant a Rule 12(b)(6) motion to dismiss, thereby denying the plaintiff an opportunity to develop facts to support her complaint. Moreover, sufficient procedures are available to defendants to seek summary disposition of a lawsuit after a plaintiff has been afforded some opportunity to develop facts to support her complaint. *Reeves*, 532 F.2d at 494.

## Analysis

Defendant contends that Plaintiff's § 1983 claim is barred by limitations. Section 1983 in part provides that every person who, under the color of ordinance, subjects a citizen to a deprivation of rights, immunities, or privileges secured by the Constitution or federal law can be subject to suit by the injured party. 42 U.S.C. § 1983. Here, Plaintiff's cause of action stems from the Amortization Ordinance, which Plaintiff claims was not followed by the city when it determined that she should terminate her nonconforming use. Plaintiff claims that the city did not make the required findings in its determination.

As there is no statute of limitations for § 1983 claims, the Texas general personal injury statute of limitations applies. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); *Slack v. Carpenter*, 7 F.3d 418, 419 (5th Cir. 1993). In Texas, the limitations period for personal injury actions is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.0003 (Vernon 2002). Further, under federal law, the limitations period accrues when an injured party either becomes aware that she has suffered an injury or has sufficient information to know that she has been injured. *Piotrowski*, 237 F.3d at 576.

Plaintiff filed her Original Complaint in this Court on October 19, 2005. Defendant claims that Plaintiff's § 1983 cause of action accrued on October 7, 2003, when the City Council met in special session to consider a resident or property owner's request to set a Compliance Date for Plaintiff's property, to set a hearing date, and to instruct the City Administrator to provide Plaintiff with proper notice. The hearing was set for October 21, 2003, but Defendant argues that Plaintiff was put on notice that Defendant intended to establish a compliance date as early as October 7, 2003. The notice, Defendant argues, did not mention the issue Plaintiff now sues on, the requirement of a finding of public necessity, and therefore Plaintiff should have known that no finding of public necessity would be made.

Defendant has cited no authority in support of it's notice argument, and the Court declines to dismiss on limitations. While Plaintiff may have been notified of the intended action on October 7, 2003, no action was actually taken until October 21, 2003, when the City Council held a hearing, which Plaintiff attended, and voted in favor of establishing a November 15, 2003 Compliance Date. Count One of Plaintiff's complaint does not allege that Plaintiff's rights were violated when the City Council decided to establish an Amortization Ordinance, but rather when

the City "enforced" the Amortization Ordinance against Plaintiff during the pendency of the state lawsuit. (Pl. Comp. at ¶ 25). Plaintiff could not have suffered any injury related to the setting of a compliance date until, at the very earliest, October 21, 2003, when the compliance date was actually set.[3] Nonetheless, Plaintiff failed to file a Sur-Reply responding to Defendant's limitations argument, and has not otherwise plead or alleged that the statute of limitations should be tolled as to Defendant's actions prior to October 19, 2003. And although the Fifth Circuit has applied the continuing violation doctrine to § 1983 claims in certain circumstances, Plaintiff has failed to allege that Defendant's actions constituted a continuing violation. *See Jackson v. Galan*, 868 F.2d 165, (5th Cir. 1989)(applying continuing violation doctrine to § 1983 claim). The Court therefore finds that Plaintiff's claims as to any actions taken prior to October 19, 2003 were filed beyond the two year statute of limitations and should be dismissed.

Defendant next argues that Plaintiff's claim should be dismissed because adequate state law remedies exist to compensate Plaintiff for any procedural due process violations. The Supreme Court has held that a deprivation of property by a state actor does not violate the procedural requirements of the Due Process Clause if a meaningful post-deprivation remedy is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (U.S. 1984). Whether the deprivation is intentional or negligent, the state's action is not complete until it provides or refuses to provide a suitable post-deprivation remedy. *Id*. Where common law remedies are available to adequately compensate one for a property loss, there can be no violation of one's due process. *Id.* at 534-35.

In the state court litigation, although Baird was the defendant, she filed a Second Amended

---

[3] The Court further finds that Plaintiff could not have suffered any injury until the compliance date was actually enforced, which enforcement was stayed during the pendency of the state lawsuit and appeals process.

Counterclaim. In the Second Amended Counterclaim, Baird claimed that the City violated Article I, §§ 17 & 19 of the Texas Constitution "when the City Council, without any public comment or consideration of the factors in the nonconforming use ordinance, passed the new non-conforming use ordinance into law requiring Baird to immediately cease operating the RV park within two weeks." Article I, § 19 of the Texas Constitution provides that "No citizen of this State shall be deprived or life, liberty, property, privileges or immunities, or in any manner disfranchised, except by due course of the law of the land."

The Supreme Court of Texas has stated that there is no statute comparable to § 1983 or private cause of action for damages to address violations of the Texas Constitution. *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 147 (Tex. 1995). And while damages may not generally be awarded to redress violations of the Texas Constitution, equitable remedies are available. *Id.* at 149. Furthermore, Article I, § 17 of the Texas Constitution provides for compensation when property is "taken, damaged, destroyed for or applied to public use.…" TEX. CONST. art. I, § 17; *Bouillion*, 896 S.W.2d at 149.

The Court finds that there are adequate remedies available to Plaintiff under state law and that Plaintiff has already pursued those remedies. The trial Court granted the City's Motion for Permanent Injunction and set a compliance date. Upon appeal, the Fifth District Court of Appeals in Dallas affirmed the decision. The Supreme Court denied Baird's petition for review. Furthermore, pending the appeal, the state court stayed enforcement of its order. The Texas Constitutional Due Process Clause is strikingly similar to the Fourteenth Amendment Procedural Due Process Clause upon which Plaintiff bases her federal suit, and the Court finds that Plaintiff has stated no substantive due process claims. Plaintiff's property and procedural due process

rights have been fully and finally adjudicated at the state court level, and the Court finds no basis for prolonging this litigation any further. Plaintiff has not lost her property, but has merely lost her right to operate an RV park on it, a right which arguably did not exist when she purchased the property.

Plaintiff argues that this case addresses different issues than her Second Amended Counterclaim, however, that is not the issue. The issue is whether there are state law remedies available, and the Court finds that there are. The Court further finds that any harm caused by the City's action establishing a compliance date while Plaintiff's state court action was pending is moot at this point. Plaintiff did not lose her right to operate the RV park because of the City Council's October 21, 2003 actions, but rather because the trial court, and subsequently the Fifth District Court of Appeals, ruled in the City's favor. Plaintiff was not forced to comply by November 15, 2003, but was allowed to continue operating an RV park until the state appellate process was complete.[4] Therefore the actions complained of in Plaintiff's Original Complaint caused no actual harm.

The Court also finds that Plaintiff's claims are barred by *res judicata*. The question when determining whether claims are barred by *res judicata* is whether two actions are based on the same nucleus of operative facts. *Matter of Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990). "The rule is that *res judicata* 'bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication,…not merely those that were adjudicated." *Id.* Federal Courts must give state court judgment's the same preclusive effect as would be given

---

[4] The order dissolving suspension of enforcement of judgment was entered in the 296th District Court of Collin County, Texas on December 22, 2005.

under state law. *Hogue v. Royce City*, 939 F.2d 1239, 1252 (5th Cir. 1991). The preclusion of issues turns on whether successive causes of action are the same. *Id.* (finding that *res judicata* barred a plaintiff's federal age discrimination claim based on same facts as wrongful termination claim in state court; although cases were filed simultaneously, summary judgment was first granted in state case). To be different for *res judicata* purposes, a cause of action must differ not only in theories of recovery, but in operative facts and measure of recovery. *Id.* at 1253 (quoting *Flores v. Edinburg Consol. Indep. Sch. Dist.*, 741 F.2d 773, 779 (5th Cir. 1984)).

Although the underlying suit from which Plaintiff's Second Amended Counterclaim arose was filed prior to the accrual of the counterclaim or the present cause of action, Plaintiff filed the counterclaim subsequent to the accrual of this cause of action. The Texas state court had jurisdiction over any § 1983 claims Plaintiff desired to bring. *The Chair King, Inc. v. GTE Mobilnet of Houston, Inc.*, 2006 WL 249978, at *4 (Tex. 2006)( state district courts have jurisdiction over federal causes of action unless Congress specifically decides otherwise); *Johnson v. Saldana*, 2000 WL 424343, at *3 (Tex. App.–Houston [1[st] Dist.] 2000, no pet.)(absent removal, state courts must hear § 1983 claims). In Texas, *res judicata* applies to a cause of action filed by a plaintiff and not to a counterclaim which may have been filed by a defendant, unless the compulsory counterclaim rule applies. *See Pinebrook Props., Ltd. v. Brookhaven Lake Property Owners Association*, 77 S.W.3d 487, 496 (Tex. App.-Texarkana 2002, pet. denied). A compulsory counterclaim is any counterclaim which is: (1) within the trial court's jurisdiction; (2) not the subject of a pending action; (3) mature when the pleading is filed; (4) arising out of the same transaction or occurrence as the opposing party's claim; and (5) not requiring adjudication or the presence of parties over whom the court lacks jurisdiction. *Id.*

10

The Court finds that Baird's Seconded Amended Counterclaim in the state case was compulsory because it pertains to facts raised in Plaintiff's First Amended Petition, filed November 3, 2003. (*See* Pl. 1st. Am. Pet. ¶¶ 5.8-5.11). The Court further finds that the claims brought by Plaintiff in this suit should have been brought as compulsory counterclaims in Plaintiff's state court action. The federal claims were within the trial court's jurisdiction, were not the subject of a pending action, were mature, arose from the facts alleged in the First Amended Petition, and involved the same parties. The compulsory counterclaim rule therefore bars Plaintiff from bringing her claims in this suit. *Pinebrook*, 77 S.W.2d at 496. Furthermore, even if the claims in this suit would have been permissive rather than compulsory counterclaims in the state suit, Baird, by filing her Second Amended Counterclaim, which detailed most if not all of the facts alleged in this suit, assumed the role of a plaintiff, and was required to bring all claims arising from the facts upon which her Second Amended Counterclaim was based. The Court therefore finds that Plaintiff's claims in this suit are barred by *res judicata*.

On February 10, 2006, the Court held a hearing to consider Plaintiff's Motion for Temporary Restraining Order (Docket #16). At the hearing, the Court found that the motion should be denied, as there was not a substantial likelihood that Plaintiff would prevail on the merits. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990). In light of this Report and Recommendation, the Court finds that Plaintiff's Motion for Temporary Restraining Order should be denied as moot.

## RECOMMENDATION

Based upon the foregoing, the Court recommends that Defendant's Motion to Dismiss be GRANTED and that the above titled and numbered cause of action be DISMISSED WITH

PREJUDICE. The Court further recommends that Plaintiff's Motion for Temporary Restraining Order be DENIED AS MOOT.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 15th day of February, 2006.**

Don D. Bush

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE